IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>LEHI ROLLER MILLS CO., INC.,<br><br>Defendant. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br><br>Case No. 2:08-CV-591 (TC) |

      The Equal Opportunity Commission (EEOC) filed a complaint alleging Defendant Lehi Roller Mills had violated 29 U.S.C. § 623(a)(1) of the Age Discrimination in Employment Act (ADEA).  (Docket No. 1.)  Lehi Roller Mills filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Docket No. 14.)  With the motion to dismiss pending before the court and mere days before the scheduled hearing on the matter, the EEOC filed an amended complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.  (Docket No. 27.)

      As a matter of course, Rule 15(a) allows a party to "amend its pleading once . . . before being served with a responsive pleading."  Fed. R. Civ. P. 15(a).  A motion to dismiss is not a responsive pleading for purposes of Rule 15(a).  Adams v. Campbell County School Dist., 483 F.2d 1351, 1353 (10th Cir. 1973); Winget v. JP Morgan Chase Bank, N.A., 537 F.3d 565, 575 (6th Cir. 2008); Williams v. Bd. of Regents, 477 F.3d 1282, 1291 (11th Cir. 2007); Rhoades v. Avon Prods., Inc., 504 F.3d 1151, 1158 n.5 (9th Cir. 2007); McKinney v. Irving Indep. Sch.

Dist., 309 F.3d 308, 315 (5th Cir. 2002); Camp v. Gregory, 67 F.3d 1286, 1289 (7th Cir. 1995); see Cooper v. Shumway, 780 F.2d 27, 29 (10th Cir. 1985) ("A motion to dismiss is treated like a responsive pleading when final judgment is entered before plaintiff files an amended complaint. The final judgment precludes plaintiff from amending his complaint as of right pursuant to Rule 15(a)."). But cf. Johnson v. Dossey, 515 F.3d 778, 780 (7th Cir. 2008) ("A district court need not allow the filing of an amended complaint, even when no responsive pleading has been filed, if it is clear that the proposed amended complaint is deficient and would not survive a motion to dismiss.").

Accordingly, it hereby ordered that the EEOC may submit its amended complaint as a matter of course.  It is further ordered that the EEOC's first complaint is withdrawn, the amended complaint is controlling, and Lehi Roller Mill's pending motion to dismiss is dismissed as moot. Counsel for Lehi Roller Mills is free to respond to the amended complaint as allowed by governing rules and other applicable considerations.

DATED this 23rd day of February 2009.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge