IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                            Plaintiff,<br>    v.<br>LEHI ROLLER MILLS CO. INC.,<br><br>                            Defendant,<br>ALAN BREECE,<br><br>                           Intervenor-Plaintiff,<br>    v.<br>LEHI ROLLER MILLS CO. INC.,<br><br>                            Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO INTERVENE**<br><br>Case No. 2:08-CV-00591-DB-DN<br><br>District Judge Dee Benson<br><br>Magistrate Judge David Nuffer |

Intervenor-Plaintiff Alan Breece's Motion to Intervene[1] is before the magistrate judge by reference under 28 U.S.C. § 636(b)(1)(A). The magistrate judge has reviewed the motions, memoranda, and relevant legal authorities. For the reasons set forth below, the Motion to Intervene is GRANTED.

INTRODUCTION

Plaintiff Equal Employment Opportunity Commission (EEOC), commenced this action against the Lehi Roller Mills on August 6, 2008.[2] On October 11, 2011, Breece filed the Motion to Intervene, on grounds that intervention should be granted as of right pursuant to Federal Rule

---

[1] Motion to Intervene, docket no. 96, filed October 11, 2011.

[2] Complaint, docket no. 2, filed August 6, 2008.

of Civil Procedure 24(a)(2). Lehi Roller Mills opposed that motion[3] claiming the motion is untimely.

ANALYSIS

Federal Rule of Civil Procedure Rule 24(a) states:

> On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.[4]

Breece claims a statutory right to intervention under 42 U.S.C. § 2000e-5(f)(1), which states in part: "The person or persons aggrieved [of unlawful employment practices by the employer] shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental agency, or political subdivision."[5] The parties agree the statute gives Breece the right to intervene.

The issue before this Court is whether Breece's motion to intervene is timely under FRCP 24(a). The Sixth Circuit has held that several factors should be considered in determining timeliness, including:

> (1) the point to which the suit has progressed;
> (2) the purpose for which intervention is sought;
> (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case;
> (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and
> (5) the existence of unusual circumstances militating against or in favor of intervention.[6]

---

[3] Defendant's Opposition to Motion to Intervene, docket no. 96, filed October 11, 2011.

[4] Fed. R. Civ. P. 24(a).

[5] 42 U.S.C. § 2000e-5(f)(1).

[6] *Stupak-Thrall v. Glickman,* 226 F.3d 467, 473 (6th Cir. 2000).

The stage of the current proceedings is relevant in determining timeliness. In this case, discovery is complete, several depositions have been taken, and a motion for summary judgment has been filed by the defendant, so the case is advanced. But Breece confirms that he will not ask to reopen discovery, file an additional brief on Lehi Roller Mills' motion for summary judgment, or change any deadline.[7] Breece simply seeks intervention in the future phase of this case to protect his interests.[8] Further, the summary judgment motion has not been heard[9] and currently there is no trial date set. While it has been three years since this case was filed, "absolute measures of timeliness should be ignored."[10] Thus, the motion can be considered to be timely because Breece's entry will not disrupt proceedings or require duplication of past effort.

The rule for timeliness "is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner. Federal courts should allow intervention where no one would be hurt and greater justice could be attained."[11]

"The prejudice prong of the timeliness inquiry measures prejudice caused by the intervenors' delay—not by the intervention itself."[12] While this motion has the possibility of complicating and lengthening future proceedings, this possibility is a function of intervention itself and not function of delay in filing of the motion to intervene.[13] Prejudice to the applicant is

---

[7] Reply Memorandum in Further Support of Motion to Intervene at 4, docket no. 96, filed November 11, 2011.

[8] Memorandum in Support of Motion to Intervene at 3, docket no. 96, filed October 11, 2011.

[9] Hearing on the pending motion is set March 8, 2012. *See* Amended Notice of Hearing, docket no. 105, filed November 21, 2011.

[10] *Utah Ass'n of Counties v. Clinton,* 255 F.3d 1246, 1250 (10th Cir. 2001) (internal quotation and citation omitted).

[11] *Id.* (internal quotations and citations omitted).

[12] *Clinton*, 255 F.3d at 1251 (internal quotation and citation omitted).

[13] *See id.*

another factor in determining the timeliness of an intervention.[14] While amicus briefs could allow Breece to bring to light his specific arguments or concerns, "the right to file a brief as amicus curiae is no substitute for the right to intervene as a party in the action under Rule 24(a)(2)."[15] Further, "an intervenor's interest would not be adequately represented by a government entity that must represent the broader public interest."[16] The EEOC must keep the broad public interest in mind when trying this case. While EEOC's and Breece's interests have not yet diverged, EEOC's public interest commitment may lead to future conflicts during such decisions as settlement discussions or mediation proceedings. Thus, in order for Breece's interests to be fully represented, he should be allowed to intervene.

## ORDER

IT IS HEREBY ORDERED that the Breece's Motion to Intervene[17] is GRANTED. Breece shall file his proposed complaint in intervention within 14 days of the date of this Order.

Dated February 3, 2012.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[14] *See Sanguine Ltd. v. U.S. Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984).

[15] *Coal. of Arizona/New Mexico Counties for Stable Econ. Growth v. DOI,* 100 F.3d 837, 844 (10th Cir. 1996).

[16] *Clinton*, 255 F.3d at 1255.

[17] Motion to Intervene, docket no. 96, filed October 11, 2011.