IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>LEHI ROLLER MILLS CO., INC.,<br><br>　　　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION FOR WITHDRAWAL OF COUNSEL**<br><br>Case No.: 2.08-cv-00591 DN<br><br>District Judge David Nuffer |

Plaintiff Equal Employment Opportunity Commission (EEOC) moves[1] to amend an order[2] permitting Defendant's counsel to withdraw. Defendant's counsel moved to withdraw[3] after Defendant Lehi Roller Mills Co. Inc. (LRM) filed bankruptcy.[4] The amendment EEOC seeks would require LRM to retain counsel within twenty-one days of this order rather than twenty-one days after the bankruptcy stay is lifted. Having reviewed the submissions,[5] EEOC's motion to amend is GRANTED.

## BACKGROUND

As EEOC notes, the court vacated the trial date because LRM had filed bankruptcy proceedings.[6] The order allowing LRM's counsel to withdraw states, "Client or new counsel for Client must file a Notice of Appearance within twenty-one (21) days after the Bankruptcy stay is

---

[1] Plaintiff's Motion for Reconsideration Re Order Granting Motion for Withdrawal of Counsel, docket no. 136, filed Feb. 22, 2013.

[2] Order Granting Motion for Withdrawal of Counsel, docket no. 135, filed Feb. 22, 2013.

[3] Motion for Withdrawal of Counsel, docket no. 134, filed Feb. 20, 2013.

[4] Defendant Lehi Roller Mills Co., Inc.'s Suggestion of Bankruptcy and Notice of Automatic Stay, docket no. 133, filed Dec. 14, 2012.

[5] Plaintiff's Motion for Reconsideration Re Order Granting Motion for Withdrawal of Counsel.

[6] Notice Vacating Final Pretrial Conference Set 2/7/2013 and Jury Trial Set for 2/25/2013, filed Dec. 17, 2013. *See* Plaintiff's Motion for Reconsideration Re Order Dranting Motion for Withdrawal of Counsel at 2.

no longer in effect as to this case, unless otherwise ordered by the Court."[7] The EEOC requests the court "amend its prior order to clarify that the Defendant [LRM] shall file a notice of appearance by counsel within 21 days of its [new] Order or be subject to sanction pursuant to Federal Rule of Civil Procedure 16(f)(1)."[8]

## ANALYSIS

Because the EEOC is an exempt governmental unit, the bankruptcy stay is not effective against the EEOC when the EEOC is "enforc[ing] . . . police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power."[9] Thus, for the reasons set forth below: (1) the EEOC is not subject to the bankruptcy automatic stay even though the requested relief includes both injunctive and monetary relief; and (2) the EEOC will be subject to the automatic stay if a monetary judgment is entered.

First, the EEOC is not subject to an automatic stay even if the EEOC's requested relief against a debtor includes both injunctive and monetary relief. In *EEOC v. McLean*, the EEOC had filed two lawsuits against McLean Trucking Company alleging violations of the Age Discrimination in Employment Act and Title VII of the Civil Rights Act.[10] The EEOC sought both injunctive and monetary relief "including back pay, with interest, [and] liquidated damages."[11] In response to McLean's motion, the bankruptcy court held the stay was effective against the EEOC.[12] But the Fourth Circuit reversed, holding the EEOC is not subject to an

---

[7] Order Granting Motion for Withdrawal of Counsel at 1.

[8] Plaintiff's Motion for Reconsideration Re Order Granting Motion for Withdrawal of Counsel at 2–3.

[9] 11 U.S.C § 362(b)(4).

[10] *EEOC v. McLean Trucking Co.*, 834 F.2d 398, 399 (4th Cir. 1987).

[11] *Id.*

[12] *Id.* at 400 (citing the bankruptcy court's decision against the EEOC motion for relief from section 362's automatic stay provision and the district court's affirmance of the bankruptcy court's decision).

2

automatic stay because the "EEOC is still proceeding in the exercise of its police or regulatory power when it seeks to recover back pay for the victims of alleged unlawful discrimination so as to be exempt from the automatic stay until its prayer for monetary relief is reduced to judgment."[13] The Fourth Circuit relied on the Senate committee notes: "[W]here a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory law, *or attempting to fix damages for violation of such a law*, the action or proceeding is not stayed under the automatic stay."[14]  Similarly, in this case the EEOC claim against LRM is not subject to the automatic stay even though the EEOC's requested relief includes both injunctive and monetary relief.

Second, the stay will be effective if the EEOC obtains a monetary judgment.  In *EEOC v. Noble Metal Processing*, the EEOC filed a lawsuit on behalf of employees alleging violations under Title VII of the Civil Rights Act.[15]  After a court order administratively closed the civil suit due to the bankruptcy stay, the EEOC moved to set aside the order due to its exemption as a governmental unit.[16]  The defendant, Noble Metal Processing, opposed the EEOC's motion arguing "the EEOC is attempting to enforce 'a monetary judgment.'"[17]  The court found this argument "without merit"[18] because the "EEOC has not yet obtained a money judgment against [the employer], and will be subject to the automatic stay only *after* it has secured a money

---

[13] *Id.* at 402.

[14] *Id.* at 401 (quoting S.Rep. 989, 95th Cong. 2d Sess. 52, reprinted in 1978 U.S.C. C.A.N. 5787, 5838).

[15] *EEOC v. Noble Metal Processing*, No. 08-CV-14713, 2009 WL 1868002, at *1 (E.D. Mich. June 29, 2009).

[16] *Id.*

[17] *Id.*

[18] *Id.*

judgment."[19]  Because the EEOC has not yet obtained a monetary judgment in this case, it will not be stayed against the EEOC until EEOC obtains a monetary judgment.

## ORDER

IT IS HEREBY ORDERED that Plaintiff Equal Employment Opportunity Commission's Motion for Reconsideration[20] is GRANTED and this case is not stayed as to EEOC.

IT IS FURTHER ORDERED that claims of Intervener, James Alan Breece are stayed by reason of the bankruptcy automatic stay under 11 U.S.C. § 362.[21]  Defendant Lehi Roller Mills Co. Inc. shall file a notice in this case if the stay in the Bankruptcy Court is lifted or modified.

IT IS FURTHER ORDERED that Defendant Lehi Roller Mills Co. Inc. shall file a Notice of Appearance of Counsel within twenty-one (21) days of this order pursuant to DUCivR 83-1.4(c)(3)(ii).

IT IS FURTHER ORDERED that if such an Appearance is not made, Defendant Lehi Roller Mills Co. Inc. will be subject to sanctions pursuant to Federal Rule of Civil Procedure 16(f)(1) and DUCivR 83-1.4(c)(5), including but not limited to default judgment for failure to file a Notice of Appearance of Counsel as ordered.

Signed October 28, 2013.

BY THE COURT

_____
District Judge David Nuffer

---

[19] *Id.*

[20] Plaintiff's Motion for Reconsideration Re Order Granting Motion for Withdrawal of Counsel, docket no. 136, filed Feb. 22, 2013.

[21] Order Granting Motion for Withdrawal of Counsel.