Stephanie Struble CO #34598 (Pro Hac Vice) (email: Stephanie.Struble@eeoc.gov)
William Moench MO # 34420 (Pro Hac Vice) (email: William.Moench@eeoc.gov)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Denver Field Office
303 E. 17th Avenue, Suite 410
Denver, Colorado 80203
Telephone: (303) 866-1381

Attorneys for Plaintiff EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LEHI ROLLER MILLS CO., INC.,<br><br>Defendant. | Civil Action No. 2:08-cv-00591 DN<br><br>**MEMORANDUM DECISION AND ORDER DENYING SUMMARY JUDGMENT**<br><br>DAVID NUFFER<br>UNITED STATES DISTRICT JUDGE |

Defendant Lehi Roller Mills Co., Inc's Motion for Summary Judgment[1] and Defendant's Motion to Dismiss the Second Claim of Plaintiff-in-Intervention James Alan Breece's Complaint in Intervention, or In the Alternative, for Partial Summary Judgment on that Claim[2] are resolved in this order. Oral argument was held August 21, 2012, and an oral ruling denied both motions.

---

[1] Docket no. 74, filed June 3, 2011.
[2] Docket no. 110, filed March 2, 2012.

1

Plaintiff EEOC and Plaintiff-in-Intervention Breece allege that Defendant violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623 et. seq. ("ADEA") and Title I of the Americans with Disabilities Act ("ADA") when Defendant suspended Breece and then terminated his employment.  Plaintiffs also allege that Defendant violated the ADA when the President of Lehi Roller Mills, R. Sherman Robinson, improperly inquired about Mr. Breece's diabetes during his employment.

Defendant moved for summary judgment on each of these claims.  Specifically, Defendant argued that the EEOC failed to establish a prima facie case of age discrimination or disability discrimination because Mr. Breece was ultimately replaced by an individual who was undisputedly older than Mr. Breece and who also had diabetes.  Defendant moved for summary judgment with respect to Plaintiffs' improper medical inquiry claim on the basis that Mr. Breece voluntarily disclosed his diabetes to Lehi Roller Mills and because Mr. Breece allegedly suffered no adverse employment action based on any inquiry.  Defendant also moved to dismiss the medical inquiry claim contending that Plaintiff-in-Intervention Breece failed to exhaust his administrative remedies with respect to that claim.  Viewed in the light most favorable to Plaintiffs, as is required when a court rules on summary judgment, there are material issues of fact barring summary judgment on each claim.

**AGE DISCRIMINATION CLAIM**

With respect to Plaintiffs' claims that Mr. Breece's suspension and termination were because of his age, there is direct evidence of discriminatory motive that is sufficient alone to raise a fact issue for trial as to whether age was a determinative

factor in the employment decisions in this case.  During the meeting placing Mr. Breece on leave, Plaintiffs allege that Mr. Robinson told Mr. Breece that he was "getting old," and that the company wanted to implement new ideas from younger employees.  Further, Plaintiffs allege that after this meeting, Mr. Robinson told Mr. Breece's daughter that Mr. Breece had been placed on leave, explaining that Mr. Breece was "not as young as he used to be" and urging Ms. Smith (who was 27 years old at the time) to stay to be "part of the younger generation" that they now had at the facility.  Finally, Plaintiffs provided evidence that Brock Knight, the Chief Operations Officer at Lehi Roller Mills, when discussing the termination of Mr. Breece with Mr. Tucker, stated that Lehi Roller Mills wanted to bring in a new, younger management team.

Defendant contends that these statements cannot constitute direct evidence because no one ever said "we are firing you because of your age."  There are no magic words, however, required for establishing direct evidence of discriminatory motive.  A decision-maker does not have to use the language "because of" to communicate his or her discriminatory motive.  Rather, the question is whether the statements lead to the conclusion that the adverse action was taken because of the person's protected status without inference or presumption.  Here, if proven at trial, the statements Plaintiffs allege were made constitute direct evidence of discriminatory motive under the ADEA because they were made in temporal proximity to his termination and were made by a decision-maker to Mr. Breece or his family member.

Defendant argues that Plaintiffs' age discrimination claim cannot proceed because Mr. Breece was ultimately replaced by Mr. Brown who is undisputedly older

3

than Mr. Breece.  Defendant contends that to state a prima facie case, the EEOC must establish a fourth element, which requires replacement by someone younger than the plaintiff.  First, there is Tenth Circuit authority that this fourth element of a prima facie case is flexible and that replacement by someone younger is not a required element.  *Greene v. Safeway Stores, Inc.*[3] stands for the proposition that where there is direct evidence, the prima facie case, which allows for an inference of discrimination, is not required.[4]   Because Plaintiffs have presented direct evidence of discriminatory motive, summary judgment must be denied on the age discrimination claim.

**ADA CLAIMS**

### Disability Discrimination

Regarding Plaintiffs' disability claim, there are substantial material facts in dispute regarding the rationale for Mr. Breece's termination.  Defendant contends that Plaintiffs' ADA claim cannot succeed because Mr. Breece was ultimately replaced by another individual who also has diabetes.

First, a prima facie case of disability discrimination does not require that Plaintiffs prove that Mr. Breece was replaced by an individual without a disability.  Second, taken in the light most favorable to Plaintiffs, the Plaintiffs have presented evidence that Mr. Breece's replacement was Mr. Tucker, who does not have diabetes.  A temporary replacement is sufficient to satisfy the prima facie case where that replacement is later replaced by a "permanent" replacement.  An employer cannot immunize itself from

---

[3] *, 98 F.3d 554, 562 (10th Cir. 1996)
[4] See e.g., *Plotke v. White,* 405 F.3d 1092, 1099-1100 (10th Cir.2005) (fourth element of the prima facie case "is a flexible one that can be satisfied differently in varying scenarios").

liability for employment discrimination by later hiring a replacement in the same protected category as the Plaintiff.[5] To rule otherwise would allow the employer to control the plaintiff's claim by later action. Third, taken in the light most favorable to Plaintiffs as required on summary judgment, the EEOC has submitted evidence that the "permanent" replacement's diabetes is not a disability under the ADA.

Defendant also argues that because Defendant was aware that Mr. Breece had diabetes for years prior to his termination, Plaintiffs have not established causation. There are numerous ways to prove causation, however. Here, Plaintiffs have presented evidence sufficient to raise a factual dispute regarding Defendant's motive by presenting evidence of statements made during the meeting when Mr. Breece was suspended. Further, Plaintiffs have presented material issues of fact regarding whether Defendant's reasons for terminating Mr. Breece were pretextual. Accordingly, genuine disputes of material fact exist precluding summary judgment on Plaintiffs' claim that Mr. Breece was suspended and then terminated because of his disability.

**Medical Inquiry Claim**

Plaintiffs' medical inquiry claims under the ADA also survive Defendant's motions. First, disclosure of a condition is not a license for inquiry. There is no waiver of the medical inquiry provision of the ADA by disclosure. Specifically, the fact that Mr. Breece voluntarily disclosed his diabetes does not excuse Defendant's improper medical inquiries.

---

[5] *Pitre v. Western Elec. Co., Inc.*, 843 F.2d 1262, 1272 (10th Cir. 1988).

Further, Breece did exhaust his administrative remedies with respect to the medical inquiry claim. The purpose of exhaustion is to provide notice of the alleged violation and give the EEOC an opportunity to conciliate the claim. Here, the EEOC investigated the improper medical inquiry claim and issued a finding that this section of the ADA was violated. The EEOC then offered Defendant an opportunity to conciliate the claim. This is sufficient to meet the requirements for exhaustion under the ADA and Defendant's motion to dismiss, or alternatively, for summary judgment for failing to exhaust administrative remedies, is denied.

Finally, Defendant argues that Breece cannot prove that any improper medical inquiry proximately caused his injury. It points out that Breece disclosed his diabetes years before any adverse employment action. The EEOC argues, however, that Mr. Breece's termination is temporally connected to the illegal inquiries because within weeks after Mr. Robinson began inquiring about Mr. Breece's health, Mr. Breece was placed on administrative leave.[6] At oral argument, Defendant argued that Plaintiffs have never contended that the termination was an adverse action stemming from the improper medical inquires and that the EEOC did not plead its medical inquiry claim to allege termination. Both of Defendant's contentions are incorrect. The Prayer for Relief contained in the EEOC's Second Amended Complaint requests economic damages stemming from Mr. Breece's termination.[7] The prayer for relief is applicable to all of the EEOC's claims, including the EEOC's improper medical inquiry claim.

---

[6] Docket no. 78, at 17.
[7] Docket no. 52, filed November 9, 2009.

## ORDER

**IT IS HEREBY ORDERED** that Defendant Lehi Roller Mills Co., Inc's Motion for Summary Judgment[8] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss the Second Claim of Plaintiff-in-Intervention James Alan Breece's Complaint in Intervention, or In the Alternative, for Partial Summary Judgment on that Claim[9] is **DENIED**.

May 1, 2014

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[8] Docket no. 74, filed June 3, 2011.
[9] Docket no. 110, filed March 2, 2012.